UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COHERENTRX, INC.,

               Plaintiff,                          Case No. 24-cv-13061

v.

                                          HON. MARK A. GOLDSMITH

ICRCO, INC. et al.,

               Defendants.

_____/

## OPINION & ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (Dkt. 6)

Plaintiff, CoherentRx, Inc. d/b/a/ People.Health, brings this action against Defendants iCRco, Inc. and Stephen Neushul, CEO and president of iCRco.  CoherentRx alleges breach of contract and breach of warranty against iCRco, as well as fraud in the inducement and fraud and misrepresentation against both Defendants.

Before the Court is Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. 6).  For the reasons stated below, the Court grants the motion.

## I.    BACKGROUND

Plaintiff CoherentRx is a Delaware corporation with its principal place of business in Michigan.   Compl. at ¶ 1 (Dkt. 1-1).   Defendant iCRco, a medical imaging equipment manufacturing company, is a California corporation with its principal place of business in California.  Id. at ¶¶ 2, 9.  Neushul is a resident of California.  Id. at ¶ 3.  Defendants do not physically engage in business, maintain property, or own bank accounts in Michigan.  Neushul Decl. A at ¶¶ 9, 13–15 (Dkt. 6-1); Neushul Decl. B at ¶¶ 7–8, 11, 13 (Dkt. 6-2).  iCRco does not advertise in Michigan or seek out customers in Michigan.  Neushul Decl. A at ¶ 18.

The genesis of this lawsuit was CoherentRx's effort to purchase two low-dose cone beam CT scanners to scan human adult lungs for a Michigan-based public health initiative.  See Resp. at PageID.10 (Dkt. 7); Hartle Decl. at ¶ 3 (Dkt. 7-1).  Representatives of CoherentRx discussed the company's specific needs with iCRco agents, including Neushul (its president and CEO), and was assured both orally and in writing that iCRco's low-dose cone beam scanners were capable of performing CT scans of lungs in human adults.  See Hartle Decl. at ¶ 4; Compl. at ¶ 13.

CoherentRx purchased scanners and supporting accessories from iCRco.  See Invoice at PageID.17–20 (Dkt. 1-1).  The purchase transaction was drafted and documented in California by an employee or agent of iCRco.  Neushul Decl. A at ¶ 3.  CoherentRx CEO Tom Hartle signed the contract on August 15, 2023.  See Invoice.  The contract specified that shipments would be made to third-party STI in Livonia, Michigan, and billing would be to CoherentRx in Troy, Michigan, which was also the designated end-user.  See id.  CoherentRx paid $369,600.10 for the development, manufacturing, and delivery of two new CT machines.  Compl. at ¶ 14; Invoice. iCRco sent wire payments from its bank branch in Michigan to iCRco. See id.; Resp. at PageID.77.

Defendants contend that the transaction was initiated by a CoherentRx agent or employee, who inquired online about purchasing equipment from iCRco and requested a quote.  Neushul Decl. A at ¶ 3.  Defendants allege that a third party, Richard Anthony, who acted independently and initially without iCRco's knowledge, first informed CoherentRx of iCRco's scanners.  See Reply Br. at PageID.185 (Dkt. 8); 1/23/25 Neushul Decl. at ¶¶ 12–13 (Dkt. 8-1).  Dozens of communications took place between CoherentRx and Defendants.  See Compl. at ¶ 10; Resp. at PageID.76.  CoherentRx claims that Defendants knew they were interacting with a Michigan-based buyer.  Resp. at PageID.77; Hartle Decl. A at ¶¶ 4, 8.

The scanners were manufactured, tested, prepared, and shipped from California.  Neushul Decl. A at ¶¶ 4–5.  In August 2023, iCRco delivered the two CT scanners to Michigan.  Compl. at ¶ 15.  Several employees and agents of CoherentRx participated in test scans immediately upon receiving the scanners.  Id. at ¶ 16.  CoherentRx alleges that all tests were unsuccessful– the devices failed to perform as represented.  Id. at ¶ 16.  On January 23, 2024, CoherentRx returned one of the purchased scanners, still in the crate, to iCRco.  Id. at ¶ 17.  iCRco did not provide a refund.  Id. at ¶ 17.  iCRco worked closely with CoherentRx to attempt to get the scanners functioning.  See Resp. at PageID.77; 7/14/23 Email at PageID.97–98.  During this troubleshooting period, iCRco sent replacement parts to Michigan.  See id.

As a result of iCRco's alleged failure to deliver two working CT machines as represented, Plaintiff filed suit against Defendants in a Michigan state court.  Defendants removed the case to this Court, citing diversity jurisdiction.  Defendants filed a motion to dismiss for lack of personal jurisdiction.  For the following reasons, the Court agrees with Defendants.

## II.    ANALYSIS

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal based on a lack of personal jurisdiction.  The Court may either (i) determine the motion on the basis of written submissions and affidavits alone; (ii) permit discovery in aid of deciding the motion; or (iii) conduct an evidentiary hearing on the merits of the motion.  Serras v. First Tenn. Bank Nat'l Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989); see also Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991).  If the Court decides the motion on the written submissions and affidavits alone, the plaintiff must meet a "relatively slight" burden of a prima facie showing that personal jurisdiction exists.  Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 360 (6th Cir. 2008).  Furthermore, "in the face of a properly supported motion for dismissal, the plaintiff

may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." Theunissen, 935 F.2d at 1458.

A court must view the pleadings and affidavits in the light most favorable to the plaintiff and does "not weigh the controverting assertions of the party seeking dismissal." Id. While a court can consider defense affidavits when assessing whether a Rule 12(b)(2) motion to dismiss has been sufficiently supported, the Sixth Circuit instructs district courts resolving 12(b)(2) motions on the parties' written submissions alone to disregard these affidavits to the extent they directly contradict the specific facts the plaintiff relies on to support their prima facie proofs. Malone v. Stanley Black & Decker, Inc., 965 F.3d 499, 505–06 (6th Cir. 2020) (finding the district court erred by considering and crediting, before any evidentiary hearing, a defense affidavit that contradicted the specific facts plaintiff alleged to show personal jurisdiction); Serras, 875 F.2d at 1215 (concluding that the district court was required to ignore the defendant's contrary assertions when the plaintiff stated the facts with sufficient particularity in its pleadings and affidavits). The court may dismiss if the specific facts alleged by the plaintiff collectively fail to set forth a prima facie case for jurisdiction. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1262 (6th Cir. 1996).

A federal court in Michigan can exercise personal jurisdiction in a diversity of citizenship case when it is (1) consistent with Michigan's long-arm statute and (2) in accordance with the Due Process Clause of the Fourteenth Amendment. Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 888 (6th Cir. 2002).

### A. Michigan's Long-Arm Statute

Michigan's long-arm statute has been construed "to bestow the broadest possible grant of personal jurisdiction consistent with due process." Audi AG & Volkswagon of Am., Inc. v. D'Amato, 341 F. Supp. 2d 734, 741 (E.D. Mich. 2004). Because CoherentRx sues both a non-

resident corporation and an individual, two long-arm statutes apply: Mich. Comp. Laws § 600.715 and Mich. Comp. Laws § 600.701.

Mich. Comp. Laws § 600.715 extends limited personal jurisdiction over non-resident corporations in claims "arising out of [an] act . . . which creates . . . the following relationship[]: [t]he transaction of any business within the state."  Mich. Comp. Laws § 600.715(1).  This is satisfied by "even the slightest act of business in Michigan."  Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 906 (6th Cir. 1988).

Here, iCRco transacted business in Michigan when it allegedly communicated with CoherentRx in Michigan and executed a transaction with a Michigan company, under which it received payment from CoherentRx's Michigan bank and sent equipment to the forum state.  That is sufficient to trigger the statute.

However, CoherentRx fails to address the second long-arm statute applicable in this case, Mich. Comp. Laws § 600.701, which extends limited personal jurisdiction over individuals.  It states:

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction[:]
>
> (1) Presence in the state at the time when process is served.
>
> (2) Domicile in the state at the time when process is served.
>
> (3) Consent, to the extent authorized by the consent and subject to the limitations set forth in [Mich. Comp. Laws] § 600.745.[1]

CoherentRX does not cite this long-arm statute, or explain how its provisions would apply to Neushul.  A court does not fashion arguments for a party who fails to formulate its own arguments.  See McPherson v. Kelsey, 125 F.3d 989, 995–996 (6th Cir. 1997) (punctuation

---

[1] Section 745 relates to agreements between the parties that would confer jurisdiction in Michigan. None are alleged here, particularly as related to Neushul individually.

modified); see also Rivet v. State Farm Mut. Auto Ins. Co., 316 F. App'x 440, 449 (6th Cir. 2009) (declining to address "arguments that ... are unsupported or underdeveloped").

Accordingly, the Court finds that CoherentRX has not set forth a prima facie showing that the long-arm statute confers personal jurisdiction over Neushul.  He is dismissed for lack of jurisdiction.

### B.    Due Process

Although CoherentRx has demonstrated how Michigan's long-arm statute applicable to corporations has been triggered as to iCRco, it fails to establish that the exercise of specific personal jurisdiction over iCRco would comport with due process.  For a court to exercise specific jurisdiction, a defendant must have sufficient minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  The Sixth Circuit has held that a finding of specific personal jurisdiction must satisfy three elements:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

S. Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).  Personal jurisdiction may only be invoked when all three prongs of the Mohasco test are met.  Lak, Inc. v. Deer Creek Enter., 885 F.2d 1293, 1303 (6th Cir. 1989).

A defendant purposefully avails itself of a state's privileges when it deliberately engages in significant activities within the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  One may not be dragged into a jurisdiction solely on the basis of random, fortuitous, or attenuated contacts.  Id. at 475.  An out-of-state corporation purposefully avails itself of the forum

state when it has deliberately acted to establish "continuing relationships and obligations" there. Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 151 (6th Cir. 1997). The purposeful availment test weighs "whether the defendant has engaged in some overt actions connecting" it with the forum state. Bridgeport Music, Inc. v. Still N. The Water Pub., 327 F.3d 472, 478 (6th Cir. 2003). Furthermore, the inquiry demands that "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." Id.

CoherentRx does not demonstrate that iCRco purposefully availed itself of the privileges of acting in Michigan. CoherentRx argues that this element of the Mohasco test is satisfied because iCRco knew it was dealing with a Michigan customer; it manufactured and delivered two scanners and accessories to Michigan; and iCRco paid for, arranged, and provided shipping of products to CoherentRx in Michigan. But these actions all were prompted by the initiation of a transaction by CoherentRx – not iCRco.

This is confirmed in a declaration submitted by Neushul.[2] Neushul Decl. A ¶¶ 53–55. CoherentRx sent an online inquiry to iCRco through a website link about "purchasing [] equipment and requesting a quote." Neushul Decl. A at ¶ 3; Neushul Decl. B at ¶ 3. Neushul states that on July 11, 2023, he received an unsolicited email from Richard Anthony—who worked for third-party STI that supplied mobile vans for shipping the products; the email discussed an unidentified client that was interested in purchasing two scanners for use with mobile applications. 1/23/25 Neushul Decl. at ¶ 13. A few days later, on July 14, 2023, iCRco sales director Natasha Kucherenko received a call from CoherentRx agent (or employee) Donna Rousey, who indicated interest in the scanners. Id. The resulting contract, purchase, and placement all originated from

_____

[2] The affidavits filed by iCRco can be considered because they do not contradict any affidavits filed by CohrentRx. See Malone, 965 F.3d at 505–06.

the actions of others – not actions of iCRco.  CoherentRX offers no evidence to the contrary.[3]  iCRco is correct that the purposeful availment requirement has not been met.

A defendant purposefully avails itself of the forum state when it "reaches out" to or solicits business from an out-of-state buyer.  Alisoglu v. Central States Thermo King of Okla., Inc., No. 12-cv-10230, 2012 WL 1666426, at *6 (E.D. Mich. May 11, 2012); see also Kerry Steel, Inc., 106 F.3d at 151 (holding that simply accepting an unsolicited sales offer from a buyer in Michigan does not rise to the requisite level of "reaching out").

In Alisoglu, the defendant, an Oklahoma corporation, knowingly entered into a purchase agreement with two Michigan residents. 2012 WL 1666426, at *8.  The Michigan plaintiffs learned of the defendant through a nationally accessible third-party website and reached out to inquire about purchasing a trailer.  Id. at *1.  The defendant responded to the solicitation and engaged in communications with the plaintiffs, who were based in Michigan.  Id.  The contract was ultimately executed by both parties in Oklahoma.  Id.  The buyers mailed payment from Michigan and then accepted delivery of the trailer in Oklahoma.  Id.

The court concluded that the corporation did not purposefully avail itself of Michigan from these contacts alone.  Id. at *8.  Simply responding to an inquiry, negotiating and executing a one-off contract with residents of a foreign state, and accepting payment from that state is insufficient, even if the defendant knows that the plaintiff is a resident of the forum state and is aware that the plaintiff will take the product to the forum state.  Id.

---

[3] CoherentRx points to an email dated July 14, 2023 from iCRco sales director Natasha Kucherenko to CoherentRX agent or employee Donna Roussey as its sole support that iCRco initiated contact.  Id.  The email's subject line states "meeting follow up."  7/14/23 Email at PageID.97–98.  In the message, Kucherenko expresses that it was "great meeting with you today," and includes attachments and information "presented during our meeting."  Id.  This email only confirms that a meeting took place between the parties, which Kucherenko followed up with an email.  The email, however, does not show that iCRco initiated contact with CoherentRx.

Like the defendant in Alioglu, iCRco responded to a solicitation from a potential out-of-state purchaser. That initial contact then led to a single, isolated transaction. CoherentRX does not present any evidence that iCRco advertised or reached out to it or any other potential customer in Michigan. Taken together, all circumstances point to the conclusion that iCRco did not purposefully avail itself of the privilege of acting in Michigan.

This conclusion is consistent with rulings on similar facts in other jurisdictions. See Boschetto v. Hansing, 539 F.3d 1011 (9th Cir. 2008) (holding that held that a one-time eBay transaction, in which a California buyer solicited a Wisconsin seller did not establish specific jurisdiction in California); Weldon F. Stump & Co. v. Delta Metalforming Co., 793 F. Supp. 157 (N.D. Ohio 1992) (finding that a buyer's solicitation of a seller in the forum state, coupled with phone calls, did not establish purposeful availment or a substantial connection between the seller and the forum state); Green Country Crude, Inc. v. Avant Petrol., 648 F. Supp. 1443 (D. Kan. 1986) (finding that a single contract initiated by a Kansas buyer with a New York seller did not satisfy the minimum contacts necessary for personal jurisdiction in Kansas); Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 786 F.2d 1055 (11th Cir. 1986) (finding that a one-time purchase by a Georgia buyer from a Missouri seller did not create sufficient contacts for personal jurisdiction in Missouri); Magenav, Inc. v. Sevensellers, Inc., No. 21-c-1742, 2022 WL 715423 (N.D. Ill. March 10, 2022) (finding that a single sale to a forum state customer, initiated by the buyer, was insufficient to establish personal jurisdiction over the seller).

When a plaintiff fails to satisfy the purposeful availment prong of the Mohasco test, the court need not analyze the remaining elements, as each stands alone and failure to meet one prong defeats personal jurisdiction. Lak, Inc., 885 F.2d at 1303. CoherentRx did not satisfy the

purposeful availment inquiry, so it is unnecessary for the Court to address the "arising from" and reasonableness prongs of the <u>Mohasco</u> test.

     The Court dismisses iCRco.

### III.    CONCLUSION

     For the reasons explained above, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction (Dkt. 6).

     **SO ORDERED.**

Dated: September 29, 2025            s/Mark A. Goldsmith
Detroit, Michigan                    MARK A. GOLDSMITH
                            United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

     The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

                    s/Joseph Heacox
                    JOSEPH HEACOX
                    Case Manager